**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
Carlos Alexander, Vivian Perrin, and      :
Matthew Tyson, *on behalf of themselves and*   :   **FLSA COLLECTIVE ACTION**
*all others similarly situated,*             :   **and RULE 23 CLASS ACTION**
                                  :   **COMPLAINT**
                     *Plaintiffs*,   :
- against -                         :   **Jury Trial Demanded**
                                    :
Global Threat Solutions, LLC,         :
                                  :
                 *Defendant.*   :
-------------------------------------------------------- x

Plaintiffs Carlos Alexander ("Alexander"), Vivian Perrin ("Perrin"), and Matthew Tyson ("Tyson," and together with Alexander and Perrin, the "Plaintiffs") individually and on behalf of all other similarly situated persons employed by Global Threat Solutions, LLC ("GTS" or "Defendant"), as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.    Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendant failed to pay Plaintiffs and a proposed class of others similarly situated the required overtime pay of time and one-half for hours worked in excess of forty hours per week. Plaintiffs and a proposed class are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL," they and a proposed class of others similarly situated employees entitled to recover from Defendant: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages for untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York Labor Law

and the New York State Wage Theft Prevention Act; and (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3.   In addition to seeking recovery for the Plaintiffs individually, this lawsuit also seeks to recover overtime compensation, untimely pay liquidated damages, and statutory penalties for similarly situated employees.

4.   Plaintiffs and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due.  Defendant violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

7.   At all relevant times, Plaintiff Alexander is an adult individual, over 18 years old, residing in Queens County, and a citizen of New York.

8.   At all relevant times, Plaintiff Vivian Perrin is an adult individual, over 18 years old, residing in Bronx County, and a citizen of New York.

9.   At all relevant times, Plaintiff Matthew Tyson is an adult individual, over 18 years

old, residing in Kings County, and a citizen of New York.

10.   Defendant Global Threat Solutions, LLC is a domestic limited liability company.

11.   According to the New York Department of State Records entry for Defendant Global Threat Solutions, LLC, the company maintains a service of process address at 2410 North Ocean avenue, Farmingville, New York 11738.  Global Threat Solutions, LLC.

12.   DOS Records for the company also show it lists as its Registered Agent: Kenneth Bombace with an address of 1 Sandy Hill Road, Mt. Sinai, New York 11766.

13.   Defendant had the power to determine employee policies for their employees, including, but not limited to, time-keeping, payroll, and uniform policies.

14.   Upon information and belief, at all times relevant to the allegations in this Complaint, Defendant is and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

15.   Upon information and belief, the below facts are consistent among Plaintiffs and for all of Defendant's hourly employees in its New York State locations.

16.   Defendant failed to pay Plaintiffs and similarly situated employees all of their earned wages, including wages paid at the overtime rate for all hours worked, and spread of hours pay.

17.   The underpayment resulted from three policies that Defendant applied to all of their workers.

18.   First, Defendant had a policy of paying overtime hours at regular rates.

19.   Second, Defendant rounded employee punch in and punch outs, always in favor of the employer, resulting in unpaid work hours each week, some of which were minimum wage

hours and others overtime hours.

20.  Third, Defendant routinely deducted either 30 minutes or 1 hours from an employee fo lunch without actually tracking the time the employee took for lunch.  In fact, employees did not get a regularly scheduled and uninterrupted lunch break of at least 30 minutes during the time window required by law.   Accordingly the policy of deducting for lunch breaks was improper.

21.  The work performed by Plaintiffs and similarly situated employees was essential to the business operated by Defendant.

22.  Defendant knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawfully earned wages in direct contravention of New York Labor Law's minimum wage requirements.

23.  Defendant knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

24.  Defendant failed to pay Plaintiffs and similarly situated employees on a weekly basis as required, despite their status as Manual Workers, in violation of New York Labor Law.

25.  Defendant knowingly and willfully failed to provide required accurate wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

26.  Plaintiffs and similarly situated employees were, at all relevant times, covered employees within the meaning of the FLSA and NYLL.

27.  Defendant's business provides security guards to its customers, including retail and other commercial businesses, in New York State.

28.  The below details of Plaintiffs' schedules, hours, and wages are to the best of

Plaintiffs' recollection. Pending discovery, Plaintiffs reserve the right to amend the facts as alleged.

29. **Plaintiff Carlos Alexander** has worked as a security guard for Defendant from approximately October 2022 to the first week in January 2023.  Plaintiff Alexander the entire employment worked at a Louis Vuitton exhibit located at 660 Madison Avenue, New York, New York 10065.

30. Plaintiff Alexander worked between 22 and 50 hours per week for Defendant as a security guard, being paid $30 per hour on a bi-weekly basis.

31. Defendant never paid Plaintiff Alexander the required overtime rate of time and one-half for each hour worked in excess of forty hours per week, despite the fact that they scheduled him to work more than 40 hours per week.

32. In fact, Alexander's GTS supervisors explicitly told him and his coworkers that they were permitted to work more than 40 hours per week, but would not be paid at the overtime rate for any of their hours.

33. Defendant never paid Alexander for all hours worked.  Instead they rounded his punch in and punch out times, always in favor of the employer, resulting in him not being paid for all hours worked.

34. Plaintiff Alexander's job duties included being required to stand on his feet all day, visually observe and physically deter, if necessary any attempted shoplifters, holding doors for customers and deliveries, physically assisting delivery drivers deliver their packages, and helping Louis Vuitton employees lift and transport boxes with a handcart.

35. At all times during his employment, over twenty-five percent of Plaintiff Alexander's duties were physical tasks, including but not limited to: (1) having to stand on his feet all workshift; (2) physically inspecting customers bags and receipts, and taking other efforts

to physically deter and prevent shoplifting; (3) holding doors for customers and deliveries; (4) assisting with delivered packages; and (5) lifting and moving boxes for Louis Vuitton employees using a handcart.

36.   Despite regularly spending more than twenty-five percent of his shifts performing these physical tasks, Alexander was compensated by Defendant on a bi-weekly basis.

37.   For example, for the pay period beginning on October 16, 2022 and ending on October 29, 2022, Defendant paid Plaintiff on November 4, 2022.

38.   In this manner, Defendant failed to pay Plaintiff Alexander the wages he earned in the week of October 16, 2022 through October 22, 2022 by October 29, 2022 as required by New York Law.

39.   Beyond being paid bi-weekly instead of weekly as required, Defendant would repeatedly inform Plaintiff Alexander and his coworkers that there was a "payroll issue," and their wages would be paid a further three or four days later than planned.

**40.   Plaintiff Vivian Perrin** worked as a security guard for Defendant from October 2, 2022 to January 2023 on location for one of Defendant' customers at a Louis Vuitton exhibit located at 660 Madison Avenue, New York, New York 10065.

41.   Plaintiff Perrin worked between 25 and 45 hours per week for Defendant as a security guard, being paid $30 per hour on a bi-weekly basis.

42.   Defendant never paid Plaintiff Perrin the required overtime rate of time and one-half for each hour worked in excess of forty hours per week, despite the fact that they scheduled him to work more than 40 hours per week.

43.   Defendant never paid Perrin for all hours worked.  Instead they rounded her punch in and punch out times, always in favor of the employer, resulting in him not being paid for all hours worked.

44. For example, for one bi-weekly paycheck, Perrin had worked 83 hours, but was paid at the same $30 per hour straight-time rate for all 83 hours without time and one-half being paid for any of the hours.

45. Plaintiff Perrin's job duties included being required to stand on his feet all day, visually observe and physically deter, if necessary any attempted shoplifters, holding doors for customers and deliveries, and repeatedly inspecting customers' bags, coats, and receipts to make sure they did not steal any Louis Vuitton merchandise.

46. At all times during his employment, over twenty-five percent of Plaintiff Perrin's duties were physical tasks, including but not limited to: (1) having to stand on his feet all workshift; (2) physically inspecting customers bags and receipts, and taking other efforts to physically deter and prevent shoplifting; and (3) holding doors for customers and deliveries.

47. Despite regularly spending more than twenty-five percent of his shifts performing these physical tasks, Perrin was compensated by Defendant on a bi-weekly basis.

48. Like Alexander, Plaintiff Perrin was frequently paid late by Defendant even beyond their bi-weekly practice. Whereas paydays were typically every other Friday, Defendant would pay Perrin on Monday, three days later than scheduled due to "payroll issues."

49. Plaintiff **Matthew Tyson** worked as a security guard for Defendant from October 2022 to December 31, 2022 on location for one of Defendant' customers at a Louis Vuitton exhibit located at 660 Madison Avenue, New York, New York 10065.

50. Plaintiff Tyson has worked between 30 and 40 hours per week for Defendant as a security guard, being paid $30 per hour on a bi-weekly basis.

51. Tyson's supervisor informed him that he was permitted to work overtime, but if he did so, he would not be paid the required overtime rate of time and one-half. Defendant made it clear to Tyson that because he was being paid what they considered a high hourly rate that he

wouldn't be paid any more for overtime hours.

52.  Plaintiff Tyson elected not to work overtime due to Defendant' unlawful policy of refusing to pay the required overtime rate.

53.  Defendant never paid Tyson for all hours worked.  Instead they rounded his punch in and punch out times, always in favor of the employer, resulting in him not being paid for all hours worked.

54.  Plaintiff Tyson's job duties included being required to stand on his feet all day, visually observe and physically deter, if necessary any attempted shoplifters, holding doors for customers and deliveries, and repeatedly inspecting customers' bags, coats, and receipts to make sure they did not steal any Louis Vuitton merchandise.

55.  At all times during his employment, over twenty-five percent of Plaintiff Tyson's duties were physical tasks, including but not limited to: (1) having to stand on his feet all workshift; (2) physically inspecting customers bags and receipts, and taking other efforts to physically deter and prevent shoplifting; and (3) holding doors for customers and deliveries.

56.  Despite regularly spending more than twenty-five percent of his shifts performing these physical tasks, Tyson was compensated by Defendant on a bi-weekly basis.

57.  Because of Defendant' improper compensation policies, Plaintiffs and similarly situated employees were deprived of pay, in direct violation of the FLSA and NYLL

58.  This pattern of conduct was continuous throughout Plaintiffs' employment.

59.  Defendant' unlawful conduct has been widespread, repeated, and consistent.

60.  Defendant implemented policies for all of its hourly employees which are the same policies Plaintiffs were subject to: requiring them to work more than ten hours in a single workshift without paying them spread of hours pay; paying them on a bi-weekly basis despite their status as Manual Workers; and requiring them to work more than forty hours per week

without paying them at the overtime rate of time and one-half.

61. The policies challenged here apply to all hourly employees including security guards.

62. By implementing the above policies affecting all of their hourly employees, Defendant knowingly and willfully operated their business with a policy of not paying their employees in an amount sufficient to compensate Plaintiffs and other similarly situated employees for all amounts due under the New York Labor Laws, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half) in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

63. Defendant did not furnish Plaintiffs and other similarly situated employees with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

64. Plaintiffs and similarly situated employees reserve the right to amend this complaint once the wage and hour records that are required to be kept under the FLSA and NYLL and information regarding Defendant' corporate and franchise ownership structure is produced by Defendant during discovery.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendant' Conduct**

65. Plaintiff and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant' failure to pay weekly wages.  The timely payment of earned wages were and are crucial to their ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living.  Defendant' conduct in paying Plaintiff's wages late throughout their employment resulted in them having to pay bills late on more than one occasion.

66. Defendant' late wage payments also deprived Plaintiffs and similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future.  The Defendant reaped large revenue from its customers as a direct result of its Manual Workers' labor, taking in millions in annual revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

**COLLECTIVE ACTION ALLEGATIONS**

67. Plaintiffs bring this action individually and as class representatives on behalf of the "Proposed FLSA Collective" defined as:

> all current and former hourly employees of Defendant employed as security guards in New York State for the three-year period prior to the filing of the complaint.

68. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than one hundred (100) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

69. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in

conflict with those members of this collective action.

70.  This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

71.  A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

72. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

  a.  Whether the Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

  b.  Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

  c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d.  Whether the Defendant' violations of the FLSA are willful as that term is used

within the context of the FLSA;

e.   Whether the Defendant are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

f.   Whether the Defendant failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

73.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

74.   Plaintiffs and others similarly situated have been substantially damaged by the Defendant' wrongful conduct.

## **CLASS ACTION ALLEGATIONS**

75.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

76.   In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former hourly employees of Defendant employed in New York State as security guards for the six-year period prior to the filing of the complaint.

77.   Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable.  Based on Plaintiffs' observations while working for Defendant and available public information, there are a minimum of 100 members of the proposed class.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the

sole control of the Defendant, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

78.   The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

79.   The Defendant have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

80.   Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

81.   Plaintiffs will fairly and adequately protect the interests of the Proposed Class.

82.   Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

83.   Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

84.   Plaintiffs have the same interests in this matter as all other members of the

Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

85. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

a.  Whether the Defendant employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.  Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  What hourly was the employee's hourly rate;

e.  Whether the Defendant failed to pay Plaintiffs and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  What were the employees' duties;

g.  Whether the employee performed physical tasks 25% or more of the time;

h.  At what frequency was the employee paid;

i.  Whether Defendant' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j.  Whether Defendant are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

86.  Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

87.  Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

88.  At all relevant times, upon information and belief, Defendant were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

89.  At all relevant times, Defendant employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

90.  Upon information and belief, at all relevant times, Defendant have had gross revenues in excess of $500,000.

91.  Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendant failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

92.  At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours

per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

93.   Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

94.   Defendant have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

95.   Defendant failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

96.   As a direct and proximate result of Defendant' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

97.   Due to the reckless, willful and unlawful acts of Defendant, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

98.   Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL**

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

99. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

100. Defendant employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

101. Defendant knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable required compensation for all hours worked, including overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

102. Defendant failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

103. Defendant failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

104. Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

105. Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

106. At the time of their hiring, Defendant failed to notify Plaintiffs and the Rule 23

Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

107. Due to the Defendant' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

108. Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Failure to Pay Timely Wages**
***Brought on behalf of Plaintiffs and the Proposed Rule 23 Class***

109. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

110. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

111. Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

112. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

113. All of GTS's security guards are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

114. As such, the failure to provide wages owed to Plaintiffs and all others similarly

situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc*., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

115. Defendant' conduct also constitutes an "injury in fact" suffered by Plaintiffs and the New York Class under Article III that is within the federal judicial power because Plaintiffs and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

116. Due to Defendant' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and  post-judgment interest as provided for by NYLL § 198.

### COUNT IV: NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

117. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

118. Defendant have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintif fs and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the

employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

119. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

120. Defendant have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

121. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

122. Due to Defendant' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

123. Due to Defendant' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of herself and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.   An award for unpaid wages due under the FLSA and New York Labor Law;

iii.  An award of liquidated damages as a result of Defendant' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv.   An award of liquidated damages as a result of Defendant' failure to pay uniform maintenance pay, spread of hours pay, and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii.    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

viii.   An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL;

ix.    An award of prejudgment and post-judgment interest;

x.     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

xi.    Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
       March 6, 2023                        **LAW OFFICE OF MOHAMMED GANGAT**

                                  By:   _____
                                        Mohammed Gangat, Esq.
                                        675 Third Avenue, Suite 1810,
                                        New York, NY 10017
                                        (718) 669-0714
                                        mgangat@gangatllc.com


                                        *Attorneys for Plaintiffs and the FLSA Proposed*
                                        *Collective and Rule 23 Proposed Class*