**Law Office of Mohammed Gangat**  675 3rd Ave, Ste 1810, NY, NY 10017
(718) 669-0714  mgangat@gangatpllc.com

**January 16, 2024**

*via ECF*

Hon. Judge Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

RE:   *Alexander et. al. v. Global Threat Solutions, LLC,*
<u>No. 1:23-cv-01891-AT</u>

To the Honorable Judge Torres:

I represent plaintiffs, Carlos Alexander, Vivian Perrin, and Matthew Tyson (the "Plaintiffs") in the above action. I submit this letter in response to your Order, dated November 14, 2023, ECF No. 18, denying the parties' joint motion for approval of the settlement of this action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Your Honor denied settlement approval without prejudice to renew the motion for settlement approval on or before January 16, 2024. I am submitting this letter as a renewed motion.

In denying the motion, Your Honor cited three basis for denial: (1) Failure to Provide Sufficient Basis for Damages Calculations; (2) Failure to Provide Support for Attorneys' Fees; and (3) Scope of the Release. I submit this letter to address each of these bases. I further submit this letter as a motion seeking settlement approval. Defense counsel has reviewed this letter and joins in the motion seeking settlement approval. The revised settlement agreement is attached hereto as Exhibit A.

(1) Basis for Damages Calculations

Your Honor is correct to point out that the initial submission did not explain the calculations and factual basis underlying the damages amounts. The calculations and factual basis are as follows.

Plaintiffs, Carlos Alexander ("Alexander"), Vivian Perrin ("Perrin"), and Matthew Tyson ("Tyson," and together with Alexander and Perrin, the "Plaintiffs"), former employees of defendant, Global Threat Solutions, LLC ("GTS" or "Defendant").

Plaintiffs alleged causes of action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), specifically: (1) unpaid overtime under the FLSA and NYLL; (2) unpaid minimum wages under the NYLL; (3) failure to pay wages on times under the NYLL; and (4) and failure to provide wage notices and wage statements under the NYLL.

Plaintiff Alexander alleged he worked from October 2022 to the first week in January 2023 between 22 and 50 hours per week while paid $30 per hour for all hours worked. Plaintiff

Perrin alleged he worked from October 2, 2022 to January 2023, between 25 and 45 hours per week while being paid $30 per hour for all hours worked. Plaintiff Tyson worked from October 2022 to December 31, 2022, between 30-40 hours per week, while being paid $30 per hour for all hours worked. None of the Plaintiffs possess the records showing all weeks and hours worked and wages paid, nor did they have a specific recollection of hours worked beyond the allegations.

Plaintiffs alleged that they were subject to unlawful timekeeping policies whereby the employer rounded time in the employer's favor resulting in a daily undercounting of hours worked. In weeks when Plaintiff worked 40 hours or more, this undercounting resulted in unpaid overtime.

All of the Plaintiffs were paid biweekly.

The following represents the wage damages as calculated by Plaintiffs based on available data. For each Plaintiff there is a total number of weeks worked. Half of the week are weeks assumed to be at the low end of the range of hours alleged, and the other half of the weeks are assumed to be on the high end. For each week, there are unpaid minimum wage hours assumed to be 30 minutes per day due to time shaving. There are also unpaid overtime hours that were paid at regular rates, and therefore there is a "half-time" claim for the unpaid overtime premium. And there are overtime hours that are not paid at all and so the full overtime hourly rate is due. Each Plaintiff calculates $5,000 in liquidated damages for late paid wages based on an assumption that each Plaintiff earned/was owed roughly $10,000 in wages during the employment period. Lastly, each Plaintiff calculates $10,000 in damages for not receiving complete and accurate wage notices and wage statements.

|  | Wks | Regular Time Weeks | OT Weeks | Min Wage Hours | Overtime Hours | Unpaid Minimum at $30/hr | Unpaid Overtime at $45/hr | Late Wage Liquidated Damages | Statutory Penalties |
|---|---|---|---|---|---|---|---|---|---|
| Alexander | 14 | 7 | 7 | 2.5 | 10 half / 2.5 full | $525 | $1,050 / $787.50 | $5,000.00 | $10,000.00 |
| Perrin | 14 | 7 | 7 | 2.5 | 5 half / 2.5 full | $525 | $525 / $787.50 | $5,000.00 | $10,000.00 |
| Tyson | 13 | 6.5 | 6.5 | 2.5 | 2.5 | $487.5 | $731.25 | $5,000.00 | $10,000.00 |

The inquiry for the Court is whether the settlement represents a fair compromise of the FLSA claim. Here it is unquestionably so given the amounts of the calculated damages in comparison to the $5,446 each Plaintiff will receive. Each Plaintiff is recovering far in excess of

what their own calculations show they would be owed in terms of unpaid minimum wages and unpaid overtime wages.

Notably, the FLSA damages are much smaller than the potential damages for the other two claims: failure to provide wage notice and statements per NYLL 195 and failure to pay timely wages per NYLL 191. What drove the negotiations was these other claims where significant potential damages, were coupled with significant legal disputes. In light of the damages calculated and believed to be available to them, each Plaintiff felt satisfied the amount they would receive was reasonable. Each Plaintiff also agreed on the allocation in terms of dividing the payment equally amongst the three Plaintiffs. The three Plaintiffs came to this agreement during a mediation with a Court-appointed mediator. The Court should find that under the circumstances amounts going to the Plaintiff is fair in light of the potential damages.

(2) Attorneys' Fees

Attached hereto as Exhibit B are attorney time records and attached as Exhibit C are records substantiating expenses incurred by the plaintiff's attorney in this case. As the attorney, I spent at least 25.6 hours as the plaintiff's attorney prosecuting this case. I am a 2009 graduate of Georgetown Law School and have been continuously licensed to practice law in New York since 2012. For the past 10 years, I have litigated in state and federal courts, with a focus on plaintiff-side employment lawsuits. I submit that an hourly rate of $500 is reasonable for me, and the 25.6 hours I worked on this case can be valued conservatively at $12,800 (25.6 hours x $500 per hour). The Settlement Agreement provides for a payment to the attorney in the amount of $8,662.00 representing attorney fees in the amount of $8,170.00 and reimbursement of $492.00 in expenses. The expenses consist of a $402 filing fee and $90 process server fee. The attorneys' fee was calculated by taking the $25,000 settlement amount, subtracting the $492.00 in expenses, resulting in $24,508, and one third of which is $8,170. In the circumstances this is reasonable and Plaintiffs therefore respectfully request that the agreement be approved with the fee of $8,170 and reimbursement of expenses in the amount of $492.00.

(3) Scope of Release

The parties have revised the release to be limited to only wage and hour claims. The release is at page 3 of the settlement agreement, in section 5(a).

In all, the Agreement is in line with the mandate from Cheeks and satisfies the Wolinsky factors. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and order the Clerk of the Court to close this case. We thank the Court for its time and attention to this matter.

Respectfully Submitted,
Law Office of Mohammed Gangat

**Hon. Analisa Torres**
**January 16, 2024**
**Page 4 of 4**

_____
Mohammed Gangat, Esq.