UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carlos Alexander, Vivian Perrin, and Matthew Tyson,

                          Plaintiffs,

-against-

Global Threat Solutions, LLC,

                          Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/20/2024
```

23 Civ. 1891 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, Carlos Alexander, Vivian Perrin, and Matthew Tyson, bring this action against Defendant, Global Threat Solutions, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.*, for failure to pay overtime wages and failure to provide wage notices and accurate wage statements. *See generally* Compl., ECF No. 1. After reaching a settlement (the "Settlement"), ECF No. 17-1, the parties sought the Court's approval of their proposed agreement. ECF No. 17. By order dated November 14, 2023 (the "Order"), the Court denied the motion without prejudice to renewal. *See* Order, ECF No. 18.

    Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 19-1, and the parties' renewed motion for settlement approval (the "Second Letter"), ECF No. 19. For the reasons stated below, the motion is GRANTED, and the Revised Settlement is approved.

**DISCUSSION**

I.    Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that

there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen.*

2

*Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

Under the Revised Settlement, Defendants agree to pay $25,000 to resolve Plaintiffs' claims, of which each Plaintiff will receive $5,446. Revised Settlement ¶ 2(i)(1)–(3). In the Order, the Court found that it could not evaluate whether the proposed settlement was reasonable in the absence of evidence "substantiating the accuracy of the calculations or the sufficiency of the amount allocated to each individual [P]laintiff." Order at 3. The Second Letter remedies this issue, detailing the estimated hours worked and wage rates for each Plaintiff and the bases for the parties' calculations. Second Letter at 2. Plaintiffs estimate that their maximum recoveries at trial are around $16,000–17,000 each. *Id.* Their net recoveries of $5,446, therefore, represent approximately one-third of their best-case recoveries at trial, which is well within the range that courts in this District have found reasonable. *See Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases). As the Court found in the Order, the parties have adequately addressed the other *Wolinsky* factors. *See* Order at 3. Considering the totality of the circumstances, the Court finds that the proposed settlement amount is fair and reasonable.

The Court also finds that the release contained in the Revised Settlement is sufficiently narrow because it no longer "bind[s] individuals who are not a part of this lawsuit," nor does it "release[] from liability numerous entities beyond Defendant." Order at 4; *see* Revised Settlement ¶ 5(a). The release is also appropriately limited to encompass the causes of actions and claims "alleged in the complaint ONLY." Revised Settlement ¶ 5(a). The release provision, therefore, does not prevent the Court from approving the Revised Settlement.

In the Order, the Court declined to approve Plaintiffs' counsel's requests for attorney's fees and costs because he failed to support the requests with contemporaneous documentation. Order at 4. Plaintiffs' counsel, Mohammed Gangat, seeks attorney's fees totaling $8,170, which is approximately one-third of the settlement proceeds after subtracting $492 in costs. Second Letter at 3; Revised Settlement ¶ 2(i)(4). The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this circuit. *Cf. Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).

As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010). Gangat has now submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 19-2. Plaintiffs' counsel has billed at an hourly rate of $500. Second Letter at 3. The Court finds this rate, although "somewhat higher than the presumptively reasonable rates in this District," to be "commensurate with other similarly-experienced" attorneys in the field. *See Dougherty v. 2With Deli Corp.*, No. 23 Civ. 3496, 2023 WL 8432866, at *2 (S.D.N.Y. Dec. 5, 2023). Based on these records, the lodestar in connection with this matter amounts to $12,800. Second Letter at 3; ECF No. 19-2.

The attorney's fees requested, $8,170, amount to a negative multiple of approximately 0.64 of the proffered lodestar. In other words, Plaintiffs' counsel will recover an award of attorney's fees that is less than the lodestar amount. Courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in

4

most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee."). Thus, given that the attorney's fees represent approximately one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that Gangat's requested attorney's fees are fair and reasonable.

Additionally, Plaintiffs' counsel requests costs in the amount of $492, which covers the filing fee and service of process. ECF No. 19-3. The Court finds that the requested costs—now supported by documentation—are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: March 20, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge